[Cite as *State v. Zupancic*, 2013-Ohio-3072.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 12CA0065 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KRISTIN N. ZUPANCIC | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. TRC-12-08-08311 |

DECISION AND JOURNAL ENTRY

Dated: July 15, 2013

WHITMORE, Judge.

{¶1} Appellant, Kristin Zupancic, appeals her convictions in the Wayne County Municipal Court. This Court affirms.

I

{¶2} Kristin Zupancic pleaded guilty to operating a vehicle with a prohibited blood alcohol concentration and driving while under suspension. Noting that Zupancic had been convicted of three drunk driving offenses within six years, the trial court sentenced her to community control for each conviction, imposed fines of $1,500 and $250, respectively, and suspended her driver's license for ten years. Zupancic appealed, raising one assignment of error.

II

Assignment of Error

APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AND THAT WAS PREJUDICIAL TO HER RIGHTS[.]

{¶3}  In her only assignment of error, Zupancic has argued that her trial counsel was ineffective because he did not file a motion to suppress, inadequately prepared to argue about mitigation during sentencing, and ineffectively advised her during plea negotiations.

{¶4}  In order to demonstrate ineffective assistance of counsel, a defendant most show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different.  *Id*. at 694.  When affidavits or other proof outside the record are necessary to support an ineffective assistance claim, however, it is not appropriate for consideration on direct appeal.  *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000).  "[A] claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings * * * [and] [s]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel."  *State v. Leyland*, 9th Dist. Summit Nos. 23833 & 23900, 2008-Ohio-777, ¶ 7, citing *State v. Sweeten*, 9th Dist. Lorain No. 07CA009106, 2007-Ohio-6547, ¶ 10-12 and *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 27.

{¶5}  Each of Zupancic's arguments regarding ineffective assistance of counsel would require this Court to act in a way that is "purely speculative" and would require resort to evidence outside the record on appeal.  *Madrigal* at 390.  Indeed, Zupancic attached an affidavit to her appellate brief for this purpose.  Ordinarily, such arguments could be raised in a petition for postconviction relief, which permits the petitioner to establish a complete record related to

the alleged ineffective assistance of counsel. *See State v. Davis*, 9th Dist. Summit No. 25680, 2012-Ohio-788, ¶ 10. Because Zupancic's conviction arises from municipal court proceedings, however, postconviction relief is not available to her. *See State v. Cowan*, 101 Ohio St.3d 372, 2004-Ohio-1583, syllabus and ¶ 19. *See also State v. Leyda*, 9th Dist. No. 12CA0030, 2013-Ohio-2495, ¶ 25-26 (Belfance, J., concurring). Nonetheless, because her arguments rely on evidence outside the record, they are inappropriate for consideration on direct appeal, and her assignment of error must be overruled on that basis. *See Madrigal* at 391; *Leyland* at ¶ 7.

**{¶6}** Zupancic's assignment of error is overruled.

### III

**{¶7}** Zupancic's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

4

Costs taxed to Appellant.


                                                           _____

BETH WHITMORE
FOR THE COURT


HENSAL, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

CONRAD G. OLSON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.