[Cite as *Cleveland v. Bryant*, 2017-Ohio-7246.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 105079

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## LOUIS BRYANT

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRB 000095

**BEFORE:** Boyle, P.J., S. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 17, 2017

**ATTORNEY FOR APPELLANT**

Jeffrey Froude
P.O. Box 771112
Lakewood, Ohio   44107


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
City of Cleveland Law Department
BY: Marco A. Tanudra
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Louis Bryant, appeals from a judgment of the Cleveland Municipal Court convicting him of aggravated menacing. He raises three assignments of error for our review:

> 1. The trial court erred in denying defense counsel's [Crim.R. 29] motion for acquittal and finding defendant guilty because insufficient evidence was presented.

> 2. The trial court erred in finding defendant guilty against the manifest weight of the evidence.

> 3. Defendant received ineffective assistance of counsel because her failure to fulfill her affirmative duty to investigate and engage expert testimony prejudiced him.

{¶2} For the reasons that follow, we affirm.

## I. Procedural History and Facts

{¶3} In January 2016, plaintiff-appellee, city of Cleveland, filed a complaint in the Cleveland Municipal Court charging Bryant with aggravated menacing in violation of Cleveland Codified Ordinances ("C.C.O.") 621.06, a first-degree misdemeanor offense. Bryant pleaded not guilty to the charge, and the case proceeded to a bench trial, where the following facts were presented.

{¶4} The victim testified that on the morning of December 24, 2015, he had just returned home from the store and was attempting to enter his house when he heard "a shot go off * * * come across [his] shoulder" and then "hit right up under the window." The victim showed police where there was a small hole in his aluminum siding, just under a window that the victim believed was caused by the shot. When the victim looked across

the street, he noticed his neighbor, Bryant, pointing what appeared to be a high-powered rifle in his direction. The victim said the rifle was green with camouflage and had a scope on it. At trial, the victim further testified that he and Bryant had never gotten along since Bryant moved into the neighborhood two years earlier and that the shot had "scared the heck out of [him]."

{¶5} Cleveland police officer Brent Scaggs testified that he responded to the victim's call within 20 minutes and that Bryant was cooperative and polite when Officer Scaggs knocked on Bryant's door and explained why he was there. Bryant allowed the officer to enter his home. Bryant then escorted the officer upstairs to where he kept an air pellet gun that matched the description of the gun that the victim had detailed to police. Bryant then proceeded to show Officer Scaggs how he used the gun.

{¶6} The officer testified that he wanted to discuss the situation with his supervisor and therefore decided to confiscate the gun in lieu of making an arrest. The officer further testified that he observed a small hole in the siding of the victim's home, just beneath a window, and stated that he thought the pellet gun could have caused that type of damage.

{¶7} The city rested, and Bryant moved for a Crim.R. 29 acquittal. The court denied the motion.

{¶8} Bryant testified in his defense. Bryant flatly denied shooting his pellet gun at his neighbor. Although Bryant stated that he did encounter the victim on the morning of December 24, 2015, he said that the encounter only involved the victim shouting a

derogatory remark at him. According to Bryant, he and the victim did not get along after a previous altercation and that ever since then, the victim would speak in a derogatory way to him from across the street and make obscene gestures toward him. Bryant indicated that the victim knew what Bryant's gun looked like from the times Bryant practiced target shooting in his backyard. Bryant did not believe his air pellet gun was capable of shooting a projectile across the street, much less capable of causing damage to the home.

{¶9} At the close of all evidence, the defense renewed its motion for acquittal, which the trial court denied. The court then found Bryant guilty of the charge of aggravated menacing and sentenced him to a suspended 180-day jail term and a $1,000 fine, $950 of which the court waived.

## II. Sufficiency and Manifest Weight of the Evidence

{¶10} In his first and second assigned errors, Bryant claims that the trial court erred in denying his Crim.R. 29 motions for acquittal because the city failed to present sufficient evidence that he committed aggravated menacing and further argues that his conviction was against the manifest weight of the evidence.

{¶11} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." When assessing whether the evidence presented at trial was sufficient to sustain a conviction, an appellate court reviews that evidence in a light most favorable to the prosecution to determine

whether such evidence, if believed, would convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The proper inquiry is not whether the prosecution's "evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997). Accordingly, a challenge to the sufficiency of the evidence tests whether the prosecution has met its burden of production at trial. *Thompkins* at 390.

{¶12} On the other hand, a manifest-weight challenge tests whether the prosecution has met its burden of persuasion. *Id.* On review from a manifest- weight challenge, the appellate court is tasked with reviewing all of the evidence in the record and in resolving the conflicts therein, determining whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 387. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.* Moreover, this court recognizes that the "weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the fact[.]" *State v. Peterson*, 8th Dist. Cuyahoga Nos. 100897 and 100899, 2015-Ohio-1013, ¶ 73, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶13} Here, Bryant was convicted of aggravated menacing in violation of C.C.O. 621.06, which states that "[n]o person shall knowingly cause another to believe that the

offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶14} The record reflects that the victim's testimony at trial was sufficient, by itself, to provide sufficient evidence beyond a reasonable doubt of every single element of the offense of aggravated menacing under C.C.O. 621.06. Specifically, the victim testified that he heard, felt, and witnessed a shot hit his home and that when he turned around to see where it had come from, he saw Bryant across the street with a gun pointed at him. Furthermore, the victim testified that Bryant's actions in shooting the gun caused him to be afraid.

{¶15} Although there was no direct evidence that Bryant acted knowingly to cause the victim to be afraid in this instance, the court could rationally infer the element existed based on the other evidence presented, including the evidence that Bryant had a gun, pointed it at his neighbor, and fired a shot. It is reasonable to assume that any person committing these acts would know that they could cause fear. *See* C.C.O. 601.07(b) (stating, a "person acts knowingly, regardless of his or her purpose, when he or she is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature.").

{¶16} With respect to the weight of the evidence, we recognize that this case presented as a classic "he said, [he] said" dispute where the prosecution insisted on the defendant's guilt with little more than the victim's account of events, and the defense denied all culpability whatsoever. In doing so, however, we cannot say that the trial

court clearly lost its way in finding Bryant guilty of the charge. In a case where the credibility of each witness is paramount, we acknowledge that the trier of fact is in the best position to measure credibility. Accordingly, we find that the trial court could have reasonably found the victim's testimony more credible than Bryant's, especially in light of the bad blood between both men and the fact that Bryant admitted to verbally interacting with the victim on the morning of the incident.

{¶17} We therefore overrule Bryant's first and second assigned errors.

## III. Ineffective Assistance of Counsel

{¶18} In his final assignment of error, Bryant argues that his conviction must be reversed and a new trial ordered because he received ineffective assistance of counsel at trial. Specifically, Bryant argues that counsel was ineffective for failing to enlist the help of an expert witness who could testify as to the sounds that an air pellet gun makes when fired and whether his particular gun could launch a projectile with enough force to damage the victim's home.

{¶19} In order to succeed on an ineffective assistance claim, Bryant must show that his trial counsel rendered deficient performance and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish deficient performance, Bryant must prove that his trial counsel's performance fell below an objective standard of reasonable representation. *Id*. at 688; *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). In evaluating counsel's performance, "a court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶20} To show prejudice, a defendant must establish that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688, 694; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶21} What an expert would have testified to in this case, and whether that testimony would have been helpful to Bryant's defense, are unknown to this court. Therefore, we cannot determine from the record before us if Bryant's counsel was deficient or more notably, whether any purported deficiency prejudiced Bryant. Because the questions raised by the assigned error are outside the record on direct appeal and are necessary to our resolution of Bryant's ineffective assistance claim, we must overrule Bryant's third assignment of error. *See State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072 ("[A] claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings * * * [and] [s]peculation regarding the prejudicial effects of counsel's

performance will not establish ineffective assistance of counsel.").

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR