[Cite as *State v. Erich*, 2017-Ohio-8528.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0056** |
| BRYAN M. ERICH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2015 CR 00734.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Anna Markovich*, 18975 Villaview Road, Suite 3, Cleveland, OH 44119 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Bryan M. Erich, appeals from the judgment entry accepting a guilty plea and imposing sentence, entered by the Ashtabula County Court of Common Pleas on March 29, 2016. For the following reasons, the trial court's judgment is affirmed.

{¶2} On December 30, 2015, appellant was indicted by the Ashtabula County Grand Jury on four counts: Count 1, Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a second-degree felony in violation of R.C. 2925.041(A) and

(C)(2); Count 2, Possession of Heroin, a fourth-degree felony in violation of R.C. 2925.11(A) and (C)(6)(b); Count 3, Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a); and Count 4, Possessing Criminal Tools, a fifth-degree felony in violation of R.C. 2923.24(A).

{¶3} Appellant was arraigned on February 19, 2016. He was appointed counsel and entered a plea of not guilty to all four counts.

{¶4} On March 29, 2016, appellant entered into a plea agreement with appellee, the state of Ohio. Appellant agreed to withdraw his not guilty plea. He entered a written plea of guilty to Count 1 and Count 2; the state agreed to dismiss Count 3 and Count 4. The parties also stipulated to a joint sentencing recommendation of five years in prison, the minimum mandatory prison term on Count 1, and 12 months in prison on Count 2, to be served concurrently with each other and with the sentences imposed by the Ashtabula County Court of Common Pleas in two other cases: case No. 15-CR-664 and case No. 15-CR-419.

{¶5} At his plea and sentencing hearing, the trial court reviewed each page of the plea agreement with appellant. The trial court accepted appellant's guilty plea and the stipulated joint sentencing recommendation; it ordered Counts 3 and 4 dismissed.

{¶6} The trial court entered judgment on March 29, 2016.

{¶7} On August 4, 2016, appellant filed a motion for leave to file a delayed appeal from the March 29, 2016 judgment entry. This court denied the motion in *State v. Erich*, 11th Dist. Ashtabula No. 2016-A-0040, 2016-Ohio-7357.

{¶8} On August 4, 2016, appellant also filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and requested a hearing on the motion. On September 8, 2016, the trial court overruled the motion without hearing.

**{¶9}** On September 20, 2016, appellant filed a second motion for leave to file a delayed appeal from the trial court's March 29, 2016 entry. This court granted appellant's motion on December 19, 2016.

**{¶10}** Appellant asserts two assignments of error on appeal:

> [1.] The trial court abused its discretion in denying the defendant's post-sentence motion to withdraw his guilty pleas without holding an evidentiary hearing.
>
> [2.] The defendant's guilty pleas were not knowing and voluntary due to ineffective assistance of counsel.

**{¶11}** Appellant's first assignment of error pertains to the trial court's denial of his post-sentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant did not file an appeal from the trial court's September 8, 2016 judgment entry that overruled the motion.

**{¶12}** A trial court's judgment of conviction is a final, appealable order when it sets forth the fact of conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus (explaining Crim.R. 32(C) and modifying *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330). A trial court's order denying a post-sentence motion to withdraw a plea pursuant to Crim.R. 32.1 is also a final, appealable order. *State v. Damron*, 4th Dist. Scioto No. 10CA3375, 2011-Ohio-165, ¶7, citing *State v. Kramer*, 10th Dist. Franklin No. 03AP-633, 2004-Ohio-2646, ¶3-5.

**{¶13}** Here, the trial court's March 29, 2016 judgment of conviction and sentence and its September 8, 2016 judgment overruling appellant's post-sentence motion were two separate final, appealable orders. Therefore, under App.R. 4(A), appellant had 30 days to file his notice of appeal from the trial court's September 8, 2016 judgment entry.

3

In the absence of a timely filed notice of appeal or motion for leave to file a delayed appeal from the trial court's September 8, 2016 entry, this court lacks jurisdiction to consider appellant's argument with regard to that judgment entry. *See, e.g., State v. Olds*, 11th Dist. Ashtabula No. 2007-A-0066, 2012-Ohio-2890, ¶11.

{¶14} Appellant's first assignment of error is without merit.

{¶15} In his second assignment of error, appellant argues he received ineffective assistance of counsel. Appellant alleges his trial counsel failed to file a motion to suppress illegally obtained evidence and failed to adequately examine evidence prior to advising him to enter into a plea agreement. Appellant maintains trial counsel's deficient representation precluded him from entering his plea knowingly, intelligently, and voluntarily.

{¶16} In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (following *Strickland v. Washington*, 466 U.S. 668 (1984)).

{¶17} In the context of a conviction based on a guilty plea, an appellant must demonstrate that (1) counsel's performance was deficient and (2) but for counsel's error, there is a reasonable probability appellant would not have pleaded guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland, supra,* at 687 and *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

{¶18} "A properly licensed attorney is presumed to be competent." *State v. Strong*, 11th Dist. Ashtabula No. 2013-A-0003, 2013-Ohio-5189, ¶11, citing *Strickland, supra*, at 688. "In order to rebut this presumption, the defendant must show the actions

4

of counsel did not fall within a range of reasonable assistance." *Id.*, citing *Strickland*, *supra*, at 689.

**{¶19}** "[A] guilty plea 'represents a break in the chain of events which has preceded it in the criminal process.'" *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, *1 (Mar. 3, 1995), quoting *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). "[I]f a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea." *Id.* Therefore, the defendant's plea of guilty waives his or her right to assert an ineffective assistance claim unless the defendant establishes counsel's alleged errors affected the knowing and voluntary nature of the plea. *Id.* at *2, citing *State v. Barnett*, 73 Ohio App.3d 244, 249 (2d Dist.1991).

**{¶20}** Generally, a guilty plea is deemed to have been entered knowingly and voluntarily if the record demonstrates the trial court complied with Crim.R. 11(C). *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶18. Crim.R. 11(C)(2) requires a trial court to inform and determine whether the defendant understands (1) the nature of the charge and the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation; (2) the effect of the plea; and (3) the constitutional rights being waived by entering the plea.

**{¶21}** Failure to file a motion to suppress does not amount to per se ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Instead, an appellant claiming ineffective assistance due to failure to file a motion to suppress must demonstrate through evidence in the record that there was a reasonable probability the result of the proceeding

5

would have been different if the motion had been filed. *State v. Walker*, 11th Dist. Lake No. 2009-L-155, 2010-Ohio-4695, ¶15 (citation omitted). "'Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion.'" *State v. Tibbetts*, 92 Ohio St.3d 146, 166 (2001), quoting *State v. Gibson*, 69 Ohio App.2d 91, 95 (8th Dist.1980).

{¶22} In support of his claim that there were reasonable grounds to file a motion to suppress, appellant argues the evidence against him was seized without a warrant, and the circumstances surrounding the seizure did not meet an exception to the warrant requirement.

{¶23} The only limited facts of record are part of the plea and sentencing transcript. Appellant explained that United States Marshals came into the house where appellant and his fiancé were staying. The prosecutor explained the Marshals were looking for a fugitive, arrived at the location where appellant was staying, and found two bags in the home, which were identified as belonging to appellant. Those bags were found to contain the components for manufacturing methamphetamine.

{¶24} Nothing in the record before us supports appellant's contention that the two bags were improperly seized. Furthermore, establishing this fact would require proof outside the record. "When affidavits or other proof outside the record are necessary to support an ineffective assistance claim, * * * it is not appropriate for consideration on direct appeal." *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶4, citing *Madrigal*, *supra*, at 390-391; *see also State v. Robinson*, 11th Dist. Lake No. 98-L-164, 2000 WL 1121806, *2 (Aug. 4, 2000). Because nothing in the record suggests the

evidence was illegally obtained, appellant has failed to meet his burden of establishing reasonable grounds existed for filing a motion to suppress.

{¶25} Appellant further alleges trial counsel was ineffective because she failed to "specifically request the results of the laboratory tests verifying the alleged amount of heroin and did not share them with the defendant prior to advising him of a plea agreement."

{¶26} Appellant's trial counsel requested discovery in accordance with Crim.R. 16. The request included "all laboratory and hospital reports" and "[a]ny evidence favorable to the defendant and material to guilt or punishment." The record does not reflect whether counsel received the results of laboratory tests verifying the alleged amount of heroin, what the results were, or any evidence of whether counsel shared the information with appellant. Appellant's allegation requires proof de hors the record and, therefore, cannot be considered on appeal.

{¶27} Appellant has failed to demonstrate trial counsel's assistance fell below an objective standard of reasonable representation. Appellant has also failed to demonstrate that he was prejudiced by these alleged errors.

{¶28} There is no evidence in the record to demonstrate trial counsel's representation precluded appellant from entering his plea knowingly and voluntarily. At the plea and sentencing hearing, the trial court reviewed each page of appellant's plea agreement with him. Appellant stated he was able to read and write the English language, that he was not under the influence of drugs or alcohol, and that he was not entering into the plea agreement due to any threats or any promises other than those contained in the plea agreement. Appellant also agreed he was satisfied with trial counsel, that she answered all of his questions, and that she did everything appellant requested of her that

7

she was legally and ethically permitted to do. Appellant also stated he had discussed the plea agreement with counsel. The trial court explained the rights appellant would be waiving by pleading guilty, the nature of the charges and possible penalties, and the effect of entering a guilty plea to the charges.

{¶29} Further, appellant received a benefit from his plea agreement. The trial court dismissed Counts 3 and 4, and appellant received the minimum mandatory sentence on Count 1 to be served concurrently with the sentence imposed on Count 2 and the sentences in two other cases. This result is precisely what both parties to the plea agreement were attempting to accomplish. Therefore, the record demonstrates appellant's plea was entered knowingly and voluntarily.

{¶30} Appellant's second assignment of error is without merit.

{¶31} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶32} I concur with the majority's well-reasoned opinion.

{¶33} I write separately to note that had appellant filed an amended notice of appeal, or a motion for leave to file a delayed appeal under App.R. 5(A), this court may have considered appellant's first assignment of error.

{¶34} Given appellant's failure to do either, I concur.

8