[Cite as *State v. Patterson*, 2020-Ohio-5475.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0015** |
| SHARELLE BRITTANY PATTERSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2019 CR 00388.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Rebecca R. Grabski*, 206 South Meridian Street, Suite B, Ravenna, OH 44266 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}   Appellant, Sharelle Brittany Patterson ("Patterson"), appeals a February 19, 2020 judgment in the Trumbull County Court of Common Pleas, sentencing her to a five-year term of community control for one count of Vandalism, a fifth-degree felony, for which she had entered a plea of guilty on January 8, 2020.  We affirm the trial court's judgment.

{¶2} The allegations against Patterson, as set forth in the indictment and transcripts of the change of plea and sentencing hearings, are straightforward: Patterson was a tenant at an apartment complex in Trumbull County, Ohio. After being evicted, she allegedly destroyed property on the interior, including damaging plumbing, destroying appliances by cutting electrical cords, and causing cosmetic damages. The amount to repair the damages totaled $4,718.35.

{¶3} Patterson and her counsel negotiated a plea agreement pursuant to Crim.R. 11 on January 8, 2020. At the plea hearing, the trial court engaged in a plea colloquy with Patterson and accepted the oral and written plea of guilty. The court then accepted the terms of the plea agreement and ordered a presentence investigation. The presentence investigation report was not filed with the record on appeal.

{¶4} On February 19, 2020, Patterson appeared at the sentencing hearing with counsel, who orally moved the court to withdraw the guilty plea based on new evidence discovered by Patterson. The trial court asked Patterson if she understood what complicity was, to which she replied that she did not. Thereafter, Patterson took time to speak with her counsel. Following the discussion, her counsel requested to withdraw the oral motion and proceed to sentencing. The trial court granted the request and sentenced Patterson to a five-year term of community control with conditions, as well as an order of restitution in the amount of $4,717.55.

{¶5} Patterson filed a timely notice of appeal and raises two assignments of error for our review. Her first assignment of error states:

> Trial counsel was ineffective in his legal assistance by failing to adequately inform Defendant-Appellant of all the evidence against her before she agreed to plea under Crim.R. 11.

{¶6}    Under her first assignment of error, Patterson argues that her trial counsel was ineffective because he did not present all of the state's evidence to Patterson before her guilty plea, thereby making her plea defective.  Patterson also challenges trial counsel's decision to withdraw his oral motion to withdraw Patterson's guilty plea following a discussion had off the record.

{¶7}    In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."  *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *State v. Strickland*, 466 U.S. 668 (1984)).  "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 143.

{¶8}    There is a general presumption that trial counsel's conduct is within the broad range of professional assistance.  *Id.* at 142.  In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.  *Id.* at paragraph three of the syllabus.  In the context of a conviction based on a guilty plea, an appellant must demonstrate that counsel's performance was deficient and, but for counsel's alleged errors, there is a reasonable probability appellant would not have pleaded guilty.  *State v. Erich*, 11th Dist. Ashtabula No. 2016-A-0056, 2017-Ohio-8528, ¶17, citing *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland*, *supra*, at 687 and *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

3

{¶9} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Gensert*, 11th Dist. Trumbull No. 2015-T-0084, 2016-Ohio-1163, ¶8, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "In order for a plea to be knowingly, intelligently, and voluntarily entered, a defendant must be 'informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf.'" *Id.*, quoting *State v. Ballard*, 66 Ohio St.2d 473, 478 (1981), interpreting *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

{¶10} On appeal, Patterson concedes the trial court conducted a proper plea colloquy before she waived her jury trial rights. Further, the evidence Patterson claimed to have discovered that allegedly proves she was not the person who vandalized the apartment was not proffered for the record on appellate review. Based on the record before us, Patterson intended at the plea hearing to admit guilt to the charge of Vandalism—as alleged in the indictment and stated through a recitation of factual basis on the record by the state. Patterson listened to the recitation of the evidence the state intended to use had the matter gone to trial before voluntarily pleading guilty. Under these circumstances, it was not necessary for Patterson to be fully informed of all the evidence obtained in discovery before she chose to voluntarily admit guilt to the Vandalism charge.

4

{¶11} With regard to the evidence she claims proves her innocence and the advice given by trial counsel before Patterson's counsel withdrew the oral motion to withdraw Patterson's guilty plea, we note that "'[w]hen affidavits or other proof outside the record are necessary to support an ineffective assistance claim * * * it is not appropriate for consideration on direct appeal.'" *State v. Denihan*, 11th Dist. Ashtabula No. 2016-A-0003, 2016-Ohio-7443, ¶13, quoting *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶4. Patterson does not challenge, or even acknowledge, what advice she was given before allowing her counsel to withdraw the oral motion. For this court to conclude that Patterson's counsel objectively failed to provide counsel in a manner that created prejudice would require us "'to act in a way that is "purely speculative" and would require [us to] resort to evidence outside the record on appeal.'" *Id.*, quoting *Zupancic*, at ¶5, quoting *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000).

{¶12} For these reasons, the record on direct appeal does not support a conclusion that Patterson's trial counsel was ineffective in the manner she has alleged.

{¶13} Patterson's first assignment of error is without merit.

{¶14} Patterson's second assignments of error states:

> The trial court abused its discretion by permitting counsel to withdraw his oral Motion to Withdraw Defendant-Appellant's plea at the sentencing hearing.

{¶15} Under her second assignment of error, Patterson argues the trial court abused its discretion by allowing her trial counsel to withdraw the oral motion to withdraw Patterson's guilty plea without conducting a hearing. An abuse of discretion occurs when a trial court fails to "'exercise sound, reasonable, and legal decision-

5

making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* (8th Ed.2004) 11.

{¶16} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶17} Patterson's argument relies on her prior assignment of error—which we have determined lacks merit—that her trial counsel was ineffective. Patterson had an opportunity to privately consult with her trial counsel, and the decision was made to withdraw the oral motion to withdraw her guilty plea following their discussion. Patterson directs us to no case law in support of her argument that the trial court abused its discretion by allowing counsel to withdraw the oral motion, specifically following a discussion with Patterson in the presence of the court. Further, nothing in the record supports a conclusion that the trial court abused its discretion by allowing sentencing to proceed in this matter.

{¶18} Patterson's second assignment of error is without merit.

{¶19} The judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

6