[Cite as *State v. Feagin*, 2026-Ohio-1437.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 0055 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Richland County, Ohio, Court of Common Pleas, Case No. 2024 CR 0562N |
| CHARLES R. FEAGIN, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: April 21, 2026 |

**BEFORE:** Robert G. Montgomery; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** JODIE M. SCHUMACHER, Richland County Prosecuting Attorney by MICHELLE FINK, for Plaintiff-Appellee; WESLEY A. JOHNSTON, for Defendant-Appellant.

*Montgomery, J.*

**STATEMENT OF FACTS AND THE CASE**

{¶1} Detective Liggett of the Richland County Sheriff's Department was conducting undercover surveillance on Appellant who was suspected of illegal drug activity. While on surveillance, Detective Liggett witnessed Appellant commit a traffic infraction.

{¶2} Detective Liggett radioed the information regarding the traffic violation to Patrolman Oblak of the Mansfield Police Department. Based on the information he received, Patrolman Oblak charged Appellant with violating R.C. 4511.33(A)(1) which

states, "A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

{¶3} As a result of events following the traffic stop, Appellant was indicted on twelve counts:

- Count One: Trafficking in Cocaine in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(4)(g);
- Count Two: Possession of Cocaine in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(4)(f);
- Count Three: Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(a);
- Count Four: Trafficking in Cocaine in violation of R.C. 2925.03 (A)(2) and R.C. 2925.03(C)(4)(g);
- Count Five: Possession of Cocaine in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(4)(f);
- Count Six: Trafficking in Cocaine in violation of R.C. 2925.03 (A)(2) and R.C.2925.03(C)(4)(g);
- Count Seven: Possession of Cocaine in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(4)(f);
- Count Eight: Aggravated Trafficking in Drugs in violation of R.C. 2925.03 (A)(2) and R.C. 2925.03(C)(1)(d);
- Count Nine: Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(c);
- Count Ten: Possessing Criminal Tools in violation of R.C. 2923.24(A) and R.C. 2923.24(C);
- Count Eleven: Possessing Criminal Tools in violation of R.C. 2923.24(A) and R.C. 2923.24(C); and
- Count Twelve: Possessing Criminal Tools in violation of R.C. 2923.24(A) and R.C. 2923.24(C).

{¶4} Appellant filed a Motion to Suppress with the trial court on December 5, 2024.

{¶5} An oral hearing was held and the trial court issued a Judgment Entry that overruled Appellant's motion.

{¶6}  Appellant subsequently entered pleas of no contest to all twelve counts contained in the indictment and was found guilty on all of them. *Admission of Guilt/Judgment Entry.*

{¶7}  The trial court merged counts one and two, four and five, six and seven, and eight and nine for purposes of final conviction and sentencing and elected to proceed on counts one, four, six and eight. *Sentencing Entry*, p. 3.

{¶8}  Appellant was sentenced to the following:

- Count One: 11 year minimum, 16.5 year maximum mandatory prison term to be served consecutively to counts 3, 4, 6, 8 and 10;
- Count Two: Merged with Count One;
- Count Three: 12 months prison term to be served consecutively to Counts 1, 4, 6, 8 and 10;
- Count Four: 11 years mandatory prison term to be served consecutively to Counts 1, 3, 6, 8, and 10;
- Count Five: Merged with Count Four;
- Count Six: 11 years mandatory prison term to be served consecutively to Counts 1, 3, 4, 8, and 10;
- Count Seven: Merged with Count Six;
- Count Eight: 2 years mandatory prison term to be served consecutively to Counts 1, 3, 4, 6 and 10;
- Count Nine:  Merged with Count Eight;
- Count Ten: 12 months prison term to be served concurrently with Counts 11 and 12;
- Count Eleven: 12 months prison term to be served concurrently with Counts 10 and 12; and
- Count Twelve: 12 months prison term to be served concurrently with Counts 10 and 11.
- These sentences reflect a total aggregate minimum term of 37 years to a maximum term of 42.5 years in prison.

*Id.*

{¶9}  Appellant filed an appeal and asserts five assignments of error for our review:

{¶10} "I.     THE TRIAL COURT'S FINDING OF FACTS WAS IMPROPER IN THAT IN THIS CASE THE SOLE RELIANCE ON OFFICER'S TESTIMONY FEAGIN'S TIRE WENT ACROSS THE LANE IN TURN WAS IMPROPER AND ERRED WHEN IT CONCLUDED THAT THE OFFICER HAD A REASONABLE, ARTICULABLE SUSPICION TO INITIATE THE TRAFFIC STOP." [sic]

{¶11} "II.     THE TRIAL COURT WAS IMPROPER THAT BY OFFICER WAS JUSTIFIED IN REMOVING FEAGIN FROM THE VEHICLE, AND ERRED WHEN IT CONCLUDED THAT THE OFFICER WAS JUSTIFIED IN REMOVING FEAGIN FROM VEHICLE." [sic]

{¶12} "III. THE TRIAL COURT WAS IMPROPER THAT BY TESTIMONY OFFICER INVESTIGATORY TACTICS-CALLING IN BACKUP TO ASSIST WITH THE WRITING OF THE TRAFFIC CITATION AND REMOVING THE OCCUPANT FROM THE VEHICLE TO PREPARE FOR AN INVESTIGATORY SWEEP BY THE CANINE DID NOT UNCONSTITUTIONALLY PROLONG THE TRAFFIC STOP, AND ERRED WHEN IT CONCLUDED THAT THE TRAFFIC STOP WAS NOT UNCONSTITUTIONALLY PROLONGED." [sic]

{¶13} "IV.     THE TRIAL COURT ERRED WHEN IT SENTENCED WRIGHT TO CONSECUTIVE PRISON TERMS WHEN IT CLEARLY AND CONVINCINGLY THE RECORD FAILED TO SUPPORT ITS FINDINGS." [sic]

{¶14} "V.     FEAGIN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND SIXTH AND FOURTEENTH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION."

## LAW AND ANALYSIS

**{¶15}** Appellant argues in his first assignment of error that the trial court erred when it relied on officer testimony during the oral hearing on Appellant's motion to suppress. Appellant argues in his brief that the trial court's factual finding that Appellant committed a traffic infraction was improper because there was no video evidence. *Appellant Brief*, p. 8. We disagree.

**{¶16}** The Ohio Supreme Court has stated, "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside,* 2003-Ohio-5372, ¶ 8, quoting *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).

**{¶17}** Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982).

**{¶18}** Appellant's motion to suppress alleged that the investigating officers did not have probable cause to stop Appellant's vehicle. Appellant's sole argument in his motion was "[o]fficers indicated that they saw a vehicle fail to maintain lanes in an area that had no centerline at the time of the stop." *Motion to Suppress*, p. 1.

**{¶19}** An oral hearing was held on said motion wherein Detective Ligget testified, "I observed a marked lanes violation after the Defendant passed over Cline Avenue when he immediately - - the intersection of Cline went over the yellow marked center lines on Marion Ave." *Suppression Hearing Transcript*, p. 13. Detective Liggett went on to say, "[t]he driver's side of the vehicle both tires were approximately over the center line,

approximately six to eight inches and went over that center line for approximately three seconds before returning to his lane." *Id.*

**{¶20}** Patrolman Oblak also testified at the hearing. Patrolman Oblak stated that on the day in question there were painted lines at the intersection of Cline Avenue and Marion Avenue. *Id.*, p. 35.

**{¶21}** The trial court found both officers' testimony was credible and that a traffic violation had occurred. *Judgment Entry Overruling Motion to Suppress,* p. 2.

**{¶22}** The appellant in *State v. Hrytsyak*, 2020-Ohio-920, ¶ 43 (8th Dist.) made an argument that is similar to that which Appellant is arguing in his first assignment of error. The Appellant in *Hyrtsyak* argued that the trial court erred in overruling his motion to suppress when an officer's dash cam video failed to show a traffic infraction. The Eighth District Court found, "To the extent that appellant argues that his motion to suppress should have been granted because the dash-camera video did not capture any traffic violations, this argument is misplaced." *Id.* The court went on to say, "When the trial court rules on a motion to suppress, the credibility of the witness is a matter for the judge acting as the trier of fact." *Id.,* at citing *State v. Fanning*, 1 Ohio St.3d 19 (1982).

**{¶23}** Appellant in the case at hand does not argue that the officers' testimony was not credible. Appellant argues that since there was no video footage of the traffic infraction, the trial court erred in finding that a traffic violation occurred. Appellant's brief fails to cite a single case to support his position that there must be video footage in order for the trial court to find that a traffic violation has occurred.

**{¶24}** In the case at hand, the trial judge found both officers' testimony to be credible and we defer to the trial court's factual finding. This Court has reviewed the record and finds that the trial court's findings related to the motion to suppress were

supported by competent, credible evidence. Appellant's first assignment of error is overruled.

{¶25} Appellant's second and third assignments of error set forth arguments that were not stated in Appellant's motion to suppress nor addressed during the oral hearing on said motion. Appellant argues that the trial court erred when it concluded that the officer was justified in removing Appellant from his vehicle and that the stop was unconstitutionally prolonged.

{¶26} The sole issue set forth in Appellant's motion to suppress was that there was no evidence that Appellant committed a traffic violation. Appellant did not argue in his motion or at the hearing that his removal from the vehicle was improper or that the stop was unconstitutionally prolonged.

{¶27} Since these arguments were not made in the trial court, this Court will not address these arguments on appeal. "This Court will not address arguments for the first time on appeal." *State v. Lee*, 2020-Ohio-4970, ¶ 15 (9th Dist.), citing *State v. Robinson*, 2017-Ohio-7380, ¶ 12 (9th Dist.). To preserve a suppression challenge for appeal, a defendant must "develop [his] argument in his motion to suppress or at the [suppression] hearing." *State v. Keagle*, 2019-Ohio-3975, ¶ 12 (9th Dist.).

{¶28} Appellant failed to preserve his arguments set forth in his second and third assignments of error since he did not raise them in the lower court. Therefore, he is precluded from raising them on appeal.

{¶29} Appellant's second and third assignments of error are overruled.

{¶30} Appellant's fourth assignment of error alleges that the record fails to support the trial court's decision to impose consecutive prison terms. *Appellant Brief*, p. 12.

**{¶31}** An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under the relevant statutes or that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516 (2016).

**{¶32}** R.C. 2929.14(C)(4) sets forth the requirements a court must make prior to imposing consecutive sentences.

**{¶33}** Under R.C. 2929.14(C), a court must engage in a three-step analysis before it imposes consecutive sentences. R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> **(a)** The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> **(b)** At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**(c)** The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶34}** The Ohio Supreme Court has stated, "Under R.C. 2929.14(C)(4), the 'consecutive-sentencing statute,' a trial court may impose consecutive sentences only if it makes certain findings. Under R.C. 2953.08(G)(2), the 'appellate-review statute,' an appellate court may modify or vacate the imposition of consecutive sentences when it 'clearly and convincingly finds' that 'the record does not support the sentencing court's findings.'" *State v. Glover*, 178 Ohio St.3d 509, 2024-Ohio-5195, ¶ 2.

**{¶35}** The *Glover* Court further explained appellate review of consecutive sentences stating, "Ohio law presumes that a defendant convicted of multiple crimes will serve his sentences concurrently." *Id.*, at ¶ 38. "A court may impose consecutive sentences only when some law specifically permits it to do so." *Id.*

**{¶36}** In the case at hand, the trial judge made the findings required by R.C. 2929.14(C)(4) on the record during the sentencing hearing and said findings were also stated in the Sentencing Entry filed on March 20, 2024. This Court finds that the record supports the trial court's findings and that Appellant's sentence is not contrary to law.

**{¶37}** Appellant's fourth assignment of error is overruled.

**{¶38}** In his final assignment of error, Appellant argues he was denied effective assistance of counsel during his no contest plea. *Appellant Brief*, p. 12.

**{¶39}** Appellant argues that he did not understand the legal concepts he was waiving when he entered his pleas of no contest. *Id.*, p. 13.

**{¶40}** We review alleged claims of ineffective assistance of counsel under the two-part analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which the Ohio

Supreme Court adopted in *State v. Bradley*, 42 Ohio St.3d 136 (1989). To prevail on an ineffective assistance claim the *Stickland* Court stated, "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, at 687.

{¶41} In the case at hand, Appellant cites *State v. Zupancic*, 2013-Ohio-3072, ¶ 4 (9th Dist.) for his claim that, "Ineffective assistance cannot be established through speculation about the prejudicial effects of counsel's performance." *Appellant Brief*, p. 13. The *Zupancic* court went on to say, "[A] claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings . . . . " *Id.*

{¶42} Appellant's brief makes a conclusory statement that the legal concepts explained to him by his counsel were insufficient. However, Appellant fails to make a single citation to the record to support his claim. Appellant has also failed to argue how his counsel's performance was deficient or how his counsel's performance prejudiced his defense. For these reasons, Appellant's fifth assignment of error is overruled.

## CONCLUSION

{¶43} For the reasons stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is Affirmed.

{¶44} Costs to Appellant.

By: Montgomery, P.J.

Popham, J. and

Gormley, J. concur.