DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant, Ronald Leyland, appeals two judgments of the Barberton Municipal Court. The first convicted him of assault in violation of R.C. 2903.13 and sentenced him to a jail term of 180 days with 150 days suspended and the remaining thirty to be served on house arrest. The second judgment dismissed his petition for postconviction relief for lack of jurisdiction. We affirm.
 {¶ 2} Defendant is the owner of Hook, Line and Drinkers bar. Ms. Erin Croghan was employed as a server at the bar. On August 26, 2006, Defendant and Ms. Croghan had a disagreement during her shift. Defendant became angry and, *Page 2 
according to his statement to a deputy sheriff, pushed Ms. Croghan away from him. Ms. Croghan alleged that Defendant placed both hands around her throat, shoved her into a wall, and held her there until it was difficult for her to breathe. Defendant was charged with assault, a misdemeanor of the first degree. Defendant pled not guilty and, following a jury trial on February 22, 2007, was convicted as charged. Defendant timely appealed.
 ASSIGNMENT OF ERROR I
"[Defendant] was denied the effective assistance of counsel."
 {¶ 3} This court analyzes claims of ineffective assistance of counsel under a standard of objective reasonableness. See Strickland v.Washington (1984), 466 U.S. 668, 688; State v. Bradley (1989),42 Ohio St.3d 136, 142. Under this standard, a defendant must show deficiency in the performance of counsel "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment" and that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" Strickland, 466 U.S. at 687. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689.
 {¶ 4} As an initial matter, we note that because a transcript of the proceedings in the trial court is not available, the record on appeal consists of a statement of the evidence in accordance with App.R. 9(C), which "permits an appellant to submit a narrative transcript of the proceedings when a verbatim *Page 3 
transcript is unavailable, subject to objections from the appellee and approval from the trial court." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. App.R. 9(C) provides:
 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
In this case, Defendant served a proposed 9(C) statement and filed the statement with the trial court on June 25, 2007. The State served and filed its own version of the evidence as a proposed amendment on July 2, 2007. On July 7, 2007, the trial court issued an order captioned "Court's Statement of the Evidence on Proceedings" which, the trial court stated, was "[pursuant to Ohio Appellate Rule 9(C)." The Court's Statement of the Evidence does not reflect all of Defendant's proposed statements, and significant portions are obviously drawn from the State's proposed amendment.
 {¶ 5} Implicitly, it would seem that the trial court considered Defendant's proposed statement of the evidence and the State's proposed amendment in reaching a conclusion regarding the contents of the Statement of the Evidence. *Page 4 
That the trial court did so, however, is only apparent after a line-by-line comparison of the parties' proposals with the 9(C) statement ultimately included in the record. While not determinative of the issues in this appeal, this Court notes that the better practice would be for the trial court to fulfill its duty under App.R. 9(C) to settle and approve the statement of the evidence by explicitly addressing and resolving conflicts in the parties' proposals.
 {¶ 6} Defendant's first argument is that trial counsel's performance was deficient because she failed to ensure that a transcript of proceedings from his jury trial would be available. For purposes of an ineffective assistance claim, however, a defendant must demonstrate not only error by counsel but that, in the absence of counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. Even if we were to assume that trial counsel was ineffective in this regard, Defendant has not demonstrated prejudice. The availability of a transcript of Defendant's jury trial had no bearing on the outcome of that proceeding.[1] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. *Page 5 
 {¶ 7} Defendant also argues that trial counsel did not did not engage in discovery techniques that Defendant now considers to have been appropriate and did not call or cross-examine witnesses whose testimony may have proven beneficial to his case. As Defendant concedes, however, a claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings. See, generally, State v. Sweeten, 9th Dist. No. 07CA009106, 2007-Ohio-6547, at ¶ 10-12. Speculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel. State v. Downing, 9th Dist. No. 22012, 2004-Ohio-5952, at ¶ 27. Defendant's first assignment of error is overruled.
 ASSIGMENT OF ERROR II "[Defendant] was denied due process and access to the courts of the State of Ohio to adequately redress the constitutional violations set forth above."
 {¶ 8} In his second assignment of error, Defendant argues that the trial erred in dismissing his petition for postconviction relief on the authority of State v. Cowan, 110 Ohio St.3d 372, 2004-Ohio-1583. Specifically, Defendant's position is that without the ability to pursue postconviction relief in the municipal court, he has no avenue through which he can pursue his ineffective assistance of counsel claims based on evidence outside the record. *Page 6 
 {¶ 9} The Supreme Court of Ohio, however, has concluded that municipal courts do not have jurisdiction to consider petitions for postconviction relief. Cowan at syllabus and ¶ 20. As the Court concluded in that case:
 "In the years since this court's decision in [Dayton v. Hill (1970), 21 Ohio St.2d 125], the General Assembly has amended the post-conviction relief statute several times but still has never provided a procedure for handling any type of post-conviction petition in municipal court. See, e.g., 146 Ohio Laws, Part IV, 7815, 7823 (eff 9-21-95); 146 Ohio Laws, Part VI, 10539, 10549 (eff. 10-16-96); Sub. S.B. No. 11 (eff. 10-29-03). In order for this court to hold that R.C. 2953.21
allows for municipal court jurisdiction, we would have to devise a procedure under which this post-conviction review could be accomplished in municipal court, since it is not provided in the plain language of the statute. To create this procedure would be to rewrite the statute, a function that must be left to the discretion of the General Assembly if it disagrees with the interpretations taken by this court." Cowan at ¶ 19.
 {¶ 10} Defendant's second assignment of error is overruled.
 {¶ 11} Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 7 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
DICKINSON, J. CONCURS
[1] Moreover, App.R. 9(C) provided a means through which Defendant was able to reconstruct the record in the absence of a transcript. We would emphasize, however, that it is the outcome of the proceeding in the trial court that is relevant for purposes of analyzing a claim of ineffective assistance of trial counsel.