[Cite as *State v. Buzek*, 2015-Ohio-4416.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 14CA0011-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| COURTNEY BUZEK | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 13 TRC 4728 |

DECISION AND JOURNAL ENTRY

Dated: October 26, 2016

MOORE, Judge.

{¶1} Defendant-Appellant Courtney Buzek appeals from the judgment of the Wadsworth Municipal Court. We affirm.

I.

{¶2} In September 2013, a complaint was filed against Ms. Buzek for a violation of R.C. 4511.19(A)(1)(a) and for a violation of Wadsworth Code of Ordinances 73.10. Ms. Buzek pleaded no contest to the R.C. 4511.19(A)(1)(a) violation and waived recitation of the facts supporting the charge. The violation of the municipal ordinance was dismissed.[1] She was sentenced to 180 days in jail with 150 days suspended, 2 years of probation, an $850.00 fine, and

---

[1] The trial court originally issued an entry on November 26, 2014, purporting to dismiss the R.C. 4511.19(A)(1)(a) violation. This Court, upon review of the record, noticed the apparent clerical error and authorized a limited remand to correct the error. On September 8, 2015, the trial court issued a nunc pro tunc entry dismissing the violation of the municipal ordinance. The record has been supplemented with this entry.

a 3-year driver's license suspension. Additionally, the trial court ordered forfeiture of the vehicle involved.

**{¶3}** Ms. Buzek has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

[MS. BUZEK] WAS PROVIDED INEFFECTIVE ASSISTANCE IN THAT TRIAL COUNSEL FAILED TO ENTER EVIDENCE INTO THE COURT RECORD WHICH WAS CLEARLY EXCULPATORY AND FAILED TO FILE A BILL OF PARTICULARS, MOTION TO SUPPRESS OR OTHER SUCH MOTION WHICH WOULD BRING TO ATTENTION OF THE TRIAL COURT OR JURY THE EXCULPATORY EVIDENCE.

**{¶4}** Ms. Buzek argues in her sole assignment of error that her trial counsel was ineffective for failing to enter into the record exculpatory evidence and by failing to file a motion to suppress or a bill of particulars.

**{¶5}** This Court must analyze claims of ineffective assistance of counsel under a standard of objective reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland* at 687. "To warrant reversal, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. This Court need not address both prongs of *Strickland* where an

appellant fails to prove either prong. *See State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶6} Ms. Buzek asserts on appeal that there is a toxicology report, which is not contained within the record, which demonstrates that there was no alcohol or controlled substances in her system at the time of the incident. Ms. Buzek maintains that trial counsel was ineffective for failing to ensure that that evidence was part of the record and for failing to file a motion to suppress or motion for a bill of particulars. While Ms. Buzek did file in this Court a motion to supplement the record with the documents she claims support her argument, that motion was denied as the items were not part of the trial court record below. Additionally, while Ms. Buzek appears to assert that the trial court and the State relied on the evidence at issue in finding her guilty, the transcript of the plea and sentencing hearings is not a part of the record on appeal.[2] *See* App.R. 9.

{¶7} "When affidavits or other proof outside the record are necessary to support an ineffective assistance claim * * * it is not appropriate for consideration on direct appeal." *State v. Zupancic,* 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4, citing *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000). "[A] claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings * * * [and] [s]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel." *Zupancic* at ¶ 4, quoting *State v. Leyland,* 9th Dist. Summit Nos. 23833, 23900, 2008-Ohio-777, ¶ 7.

---

[2] The record does contain a DVD recording of the plea and sentencing; however, such is not an acceptable substitute for a transcript. *See* App.R. 9(B)(1).

{¶8} Each of Ms. Buzek's arguments "would require this Court to act in a way that is 'purely speculative' and would require resort to evidence outside the record on appeal." *Zupancic* at ¶ 5. Ordinarily, the types of arguments raised by Ms. Buzek could be raised in a petition for postconviction relief, which permits the petitioner in felony cases to establish a complete record related to the alleged ineffective assistance of counsel; however, because Ms. Buzek's conviction arises from municipal court proceedings, postconviction relief is not available to her. *See id.* "Nonetheless, because her arguments rely on evidence outside the record, they are inappropriate for consideration on direct appeal, and her assignment of error must be overruled on that basis." *Id.*

{¶9} Ms. Buzek's sole assignment of error is overruled.

III.

{¶10} The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MICHAEL A. CREVELING, Attorney at Law, for Appellant.

NORMAN BRAGUE, Director of Law, and PAGE C. SCHROCK, III, Assistant Director of Law, for Appellee.