[Cite as *State v. Debruce*, 2016-Ohio-8280.]

STATE OF OHIO    )
                 )ss:
COUNTY OF SUMMIT )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

v.

YOLANDA T. DEBRUCE

    Appellant

C.A. No.    28233

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2015 12 3864

DECISION AND JOURNAL ENTRY

Dated: December 21, 2016

WHITMORE, Judge.

**{¶1}** Defendant-Appellant, Yolanda Debruce, appeals from her convictions in the Summit County Court of Common Pleas. This Court affirms.

I

**{¶2}** On December 12, 2015, Debruce left a supermarket carrying an item for which she had not paid. An employee of the store quickly notified an off-duty police detective who happened to be shopping at the store. The detective ran outside and observed Debruce get inside her car, which was backed into a parking space. The detective then placed herself in front of the car and issued commands for Debruce to stop and exit the car. Rather than do so, Debruce accelerated and hit the detective, who clung to the car as Debruce attempted to flee. Debruce ultimately dragged the detective some distance before the detective discharged her firearm and managed to escape with minimal injuries. Debruce then led the police on a chase for several minutes before stopping her car and surrendering.

{¶3}    A grand jury indicted Debruce on two counts of aggravated robbery, two counts of failure to comply, and one count each of felonious assault, obstructing official business, driving under suspension, resisting arrest, and possession of drug paraphernalia.   Debruce entered into a written plea agreement wherein she agreed to plead guilty to one amended count of robbery, one count of felonious assault, and one count of failure to comply in exchange for the dismissal of her remaining charges.   After the trial court determined that her robbery and felonious assault charges were allied offenses of similar import, the State elected to have Debruce sentenced on the latter charge.   The trial court sentenced her to eight years in prison on her felonious assault charge and two years on her failure to comply charge.   The court further ordered the sentences to be served consecutively for a total of ten years in prison.

{¶4}    Debruce now appeals from her convictions and raises two assignments of error for our review.   For ease of analysis, we reorder the assignments of error.

II

<u>Assignment of Error Number Two</u>

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING AN UNREASONABLY EXCESSIVE SENTENCE.

{¶5}    In her second assignment of error, Debruce argues that the court abused its discretion when it ordered her to serve ten years in prison.   She argues that her sentence is disproportionate to her crime, as described to the court, and constitutes cruel and unusual punishment.  We disagree.

{¶6}    In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes,"

or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7}    At the sentencing hearing, the court asked the State for a recitation of the facts so that it could assess the seriousness of her conduct for purposes of sentencing.  The State focused on the car chase that ensued when Debruce ignored commands to stop, left the scene, and eluded the police for several minutes, during which she traveled at high rates of speed, disregarded stop signs and lights, and executed improper turns.  Defense counsel then spoke on Debruce's behalf and informed the court that she had ultimately surrendered peacefully, was truthful during the investigation that the police conducted, and was remorseful for her actions.  Defense counsel noted that Detective McLaughlin was injured when Debruce hit her with her car at the start of the chase, but noted that the detective's actual injuries were minor.

{¶8}    After hearing from the attorneys, the court allowed several other individuals to make statements, including Detective McLaughlin and Chief Ronald Williams.  Chief Williams informed the court that he had reviewed all of the evidence surrounding this incident, including a video recording that captured Debruce striking Detective McLaughlin with her car.  He stated that the video recording showed the detective stepping to the side of the car and the car actually turning into her to hit her.  He further stated that the car moved the detective 37 feet and, after 22 feet, Detective McLaughlin drew her weapon and fired into the side of the car.  He noted that the detective sustained a burn mark on her leg from the car's tire and that she might have sustained even greater injury had she not responded in the manner that she did.

{¶9} Detective McLaughlin spoke to the court at length. She informed the court that she was in uniform when she planted herself in front of Debruce's car and commanded her to stop and to exit the car. According to the detective, Debruce "locked eyes with [her] that entire time that [she] was in front of [the] car" and "never lost eye contact" as she put the car into gear and rapidly accelerated towards her. She described being thrown onto the car and discharging her firearm in an attempt to stop Debruce before she was pulled under the car. The detective indicated that she sustained burn marks across her shin from the car's tire and attributed her lack of further injury to her training.

{¶10} The trial court ultimately sentenced Debruce to eight years on her first-degree felony felonious assault count and two years on her third-degree felony failure to comply count. Debruce does not dispute that both prison terms fall within the statutory sentencing range for those offenses. *See* R.C. 2929.14(A)(1) (setting forth a range of three to eleven years for a first-degree felony) and R.C. 2929.14(A)(3)(b) (setting forth a range of nine to thirty-six months for certain third-degree felonies). Nor has she argued that the court's sentence and/or its findings fail to comport with any particular sentencing statute. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1. Instead, she argues that the length of her sentence is disproportionate to her crimes because "[t]he whole episode ended within 10 minutes[ and] resulted in only minor injuries to a detective * * *."

{¶11} The Ohio Supreme Court has held that a sentence "[does] not amount to cruel and unusual punishment [when] * * * 'the individual sentences imposed by the [trial] court are within the range of penalties authorized by the legislature * * *.'" *State v. Fields*, 9th Dist. Lorain No. 13CA010453, 2014-Ohio-5386, ¶ 47, quoting *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 23. Debruce's individual sentences are within the authorized statutory ranges for

her offenses. "Further, given the facts of this case, the sentences were not grossly disproportionate or shocking to a sense of justice * * *." *Fields* at ¶ 49. There was evidence that Debruce ignored Detective McLaughlin's commands, rapidly accelerated towards her, and continued to drive as the detective clung to the car and ultimately discharged her firearm. Because Debruce has not set forth any additional argument as to why her sentence is otherwise contrary to law, *see Marcum* at ¶ 1, we reject her argument that the court erred in imposing her sentence. Debruce's second assignment of error is overruled.

Assignment of Error Number One

APPELLANT'S TRIAL COUNSEL'S FAILURE TO INTRODUCE EVIDENCE OF THE DISCREPANCY BETWEEN TESTIMONY AND VIDEO EVIDENCE OF THE HARM CAUSED TO DETECTIVE [MC]LAUGHLIN DURING SENTENCING CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶12} In her first assignment of error, Debruce argues that she received ineffective assistance of counsel. Specifically, she argues that she received a longer sentence than was warranted under the circumstances because her counsel failed to ensure that the trial court received an accurate description of the facts underlying her charges at the sentencing hearing.

{¶13} To establish a claim of ineffective assistance of counsel, an appellant must demonstrate "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. "In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his [or her] counsel's error, he [or she] would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010-Ohio-3545, ¶ 4.

{¶14} After the court orally announced Debruce's sentence at the sentencing hearing, her counsel asked for a sidebar. Her counsel expressed surprise at the court's decision to impose a sentence of that length, but the court noted that it had been swayed by the facts that it heard during the hearing. The court stated that it "didn't realize [Detective McLaughlin] * * * was that close to getting drug under the vehicle before today * * *." Defense counsel then stated that he did not believe the video recording of the encounter showed that and that, while the detective used her firearm, he thought "she was knocked down and scuffed her knee * * *." Defense counsel indicated that he was noting the discrepancy for the record.

{¶15} The crux of Debruce's argument is that her counsel was ineffective for not introducing the video recording of her encounter with Detective McLaughlin. She argues that, because her counsel did not attempt to correct the facts as the court understood them to be, she received a lengthier sentence than was justified under the circumstances.

{¶16} Debruce has failed to set forth an argument that, but for any error on the part of her counsel, there is a reasonably probability that she "would not have pleaded guilty and would have insisted on going to trial." *Evans* at ¶ 4. Debruce was facing extremely serious charges and, as a result of her plea, the State dismissed a significant amount of those charges. Moreover, her claim that the video recording at issue here would have contradicted either Chief Williams' or Detective McLaughlin's version of the facts is entirely speculative. *See State v. Buzek*, 9th Dist. Medina No. 14CA0011-M, 2015-Ohio-4416, ¶ 7, quoting *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4 ("[S]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel."). The video recording was not made a part of the record in the court below, so this Court cannot review it. *See State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978) ("[A] reviewing court should be limited to

what transpired in the trial court as reflected by the record made of the proceedings."). Because Debruce cannot demonstrate prejudice as a result of her counsel's error, if any, we reject her ineffective assistance of counsel claim. Her first assignment of error is overruled.

III

{¶17} Debruce's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

8

MOORE, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DIANNA M. SUDIA SMITH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.