[Cite as *State v. Zeber*, 2017-Ohio-8987.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28481 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NATHAN ZEBER | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2016 CRB 2074 |

DECISION AND JOURNAL ENTRY

Dated: December 13, 2017

TEODOSIO, Judge.

{¶1} Appellant, Nathan W. Zeber, appeals from his conviction in the Stow Municipal Court. We affirm.

I.

{¶2} On a cold, snowy morning in January of 2015, police responded to a 911 call regarding an unconscious female who had possibly overdosed. Officer Joel Moledor was first to arrive at the scene and observed Mr. Zeber dragging an unconscious and naked female by her legs to a severely damaged and seemingly disabled vehicle on the side of the road. The officer recognized the female ("N.C.") and knew that she was associated with J.G., who lived nearby on Underwood Street. Another officer arrived and they, along with Mr. Zeber, provided medical attention to N.C. before she was soon taken by ambulance to the hospital. The officers both noticed heel marks and drag marks through the snow-covered asphalt leading from N.C. toward Underwood Street. N.C. later admitted to police at the hospital that she was in a motor vehicle

accident with the owner of the vehicle and also went to J.G.'s house. She admitted to using heroin and stated that the last thing she remembered was "making out" with J.G. before she later woke up in the ambulance. She had recent injuries on her back that were consistent with being dragged on a street.

{¶3} Mr. Zeber was charged with assault, a misdemeanor of the first degree. At his bench trial, Mr. Zeber testified that he did not drag N.C. to the vehicle, but that J.G. dragged her instead. He claimed that J.G. made the 911 call and falsely used Mr. Zeber's name during the call. When asked on cross-examination if he remembered talking to the 911 dispatcher, Mr. Zeber testified, "I really don't, *if I did*." (Emphasis added.) When questioned as to why he could recall some facts from that night, but not others, he testified, "I'm not one hundred percent sure I remember *when I called the police*, I'm not." (Emphasis added.) The trial court ultimately found Mr. Zeber guilty of assault and sentenced him to 180 days in jail and a $1,000.00 fine. The jail time and $850.00 of the fine were suspended, and Mr. Zeber was placed on 12 months of community control.

{¶4} Mr. Zeber now appeals from his conviction and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

APPELLANT'S CONVICTION FOR ASSAULT, MISDEMEANOR OF THE 1ST DEGREE, WAS BASED AT LEAST IN PART UPON EVIDENCE WHICH DEFENDANT'S COUNSEL FAILED TO SHARE WITH DEFENDANT PRIOR TO THE TRIAL PROCEEDINGS. IF THIS EVIDENCE HAD BEEN SHARED WITH DEFENDANT PRIOR TO THE TRIAL, THE RESULTS OF THAT PROCEEDING WOULD HAVE BEEN DIFFERENT, AS SAID EVIDENCE COULD FAIRLY EASILY HAVE BEEN PROVEN FALSE BY A COMPETENT DEFENSE ATTORNEY. THEREFORE, DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, THE DECISION OF THE TRIAL JUDGE WAS INFLUENECED BY ERRONEOUS EVIDENCE

SUBMITTED BY THE PROSECUTING ATTORNEY AND WHICH THE DEFENSE WAS NOT PROPERLY PREPARED TO PROVE FALSE. * * * IN ADDITION, DEFENDANT'S WRITTEN STATEMENT IN THE POLICE RECORD SHOULD HAVE BEEN EXCLUDED FROM EVIDENCE AS DEFENDANT WAS NOT UNDER SUSPICION AT THE TIME OF HIS STATEMENT, AND THEREFORE WAS NOT ADVISED OF HIS RIGHT TO AN ATTORNEY AND OF HIS RIGHT TO REMAIN SILENT.

{¶5} In his sole assignment of error, Mr. Zeber claims that he received ineffective assistance of counsel when his trial counsel failed to share evidence with him prior to trial and failed to object to that same evidence at trial. He also claims that the written statement he provided to police should have been excluded from evidence because he "was not under suspicion at the time of his statement, and therefore was not advised of his right to an attorney and of his right to remain silent." We disagree with both propositions.

{¶6} This Court is cognizant of the fact that Mr. Zeber has proceeded with his appeal and filed his merit brief pro se. As to pro se litigants, this Court has previously stated:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

*State v. Goldshtein*, 9th Dist. Summit No. 25700, 2012-Ohio-246, ¶ 6, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3.

{¶7} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prove ineffective assistance of counsel, one must establish that: (1) his counsel's performance

was deficient, and (2) the deficient performance prejudiced the defense. *Id.* at 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34. "'[A] claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings * * * [and] [s]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel.'" *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4, quoting *State v. Leyland*, 9th Dist. Summit Nos. 23833 & 23900, 2008-Ohio-777, ¶ 7.

{¶8} Mr. Zeber initially refers to a "transcript" containing a voice that he asserts is not his, and he essentially claims that his trial counsel did not inform him of the existence of the transcript prior to trial. Presumably, Mr. Zeber is referring to the audio recording of the 911 call, although the call was never officially transcribed in this case. The issue of whether trial counsel informed Mr. Zeber of the 911 recording prior to trial would relate primarily to private discussions between Mr. Zeber and his attorney that were not made part of the record. Such allegations therefore cannot be considered in an ineffective assistance of counsel claim on direct appeal. *See State v. Eggeman*, 9th Dist. Medina No. 14CA0085-M, 2015-Ohio-5177, ¶ 40. *See also Zupancic* at ¶ 4. "This Court is confined to the record on appeal and may not engage in assumptions to sustain an ineffective assistance of counsel argument." *State v. Higgins*, 9th Dist. Summit No. 26120, 2012-Ohio-5650, ¶ 9. Moreover, while the prosecutor played the 911

recording during his cross-examination of Mr. Zeber in an effort to challenge Mr. Zeber's credibility and address inconsistencies in his testimony, the recording was never actually entered into evidence at trial. "When 'allegations of the ineffectiveness of counsel are premised on evidence outside the record, * * * the proper mechanism for relief is through the post-conviction remedies of R.C. 2953.21, rather than through a direct appeal.'" *Id.*, quoting *State v. Sweeten*, 9th Dist. Lorain No. 07CA009106, 2007-Ohio-6547, ¶ 12. Because Mr. Zeber's conviction arises from municipal court proceedings, post-conviction relief is not available to him. *See State v. Buzek*, 9th Dist. Medina No. 14CA0011-M, 2015-Ohio-4416, ¶ 8. Regardless, Mr. Zeber's arguments rely on evidence outside of the record and are inappropriate for consideration on direct appeal. *See id.*

{¶9} Mr. Zeber also claims that his trial counsel was ineffective for failing to object to the "transcript" at trial. However, "'[t]his Court has consistently held that trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel.'" *State v. Smith*, 9th Dist. Wayne No. 12CA0060, 2013-Ohio-3868, ¶ 24, quoting *State v. Guenther*, 9th Dist. Lorain No. 05CA008663, 2006-Ohio-767, ¶ 74, quoting *State v. Bradford*, 9th Dist. Summit No. 22441, 2005-Ohio-5804, ¶ 27. Even assuming arguendo that trial counsel should have objected to the 911 recording at trial, we would nonetheless conclude that the failure to do so did not affect the outcome of the trial because of the overwhelming evidence introduced to prove the assault charge in this case. *See State v. Jackson*, 9th Dist. Lorain No. 14CA010555, 2015-Ohio-2473, ¶ 68, citing *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 105 (finding no ineffective assistance of counsel where even if trial counsel objected and evidence was excluded, other evidence established facts giving rise to the defendant's conviction). Officer Moledor testified that, as he arrived at the scene, he personally

observed Mr. Zeber dragging N.C. by the legs across the ground. Officer Moledor and Sergeant Norfolk both testified that they observed heel marks and drags marks across the snow-covered asphalt. N.C. clearly sustained physical harm, as indicated by the picture introduced into evidence showing severe injuries to her back. Sergeant Norfolk testified that her injuries were consistent with "road rash" or being dragged across asphalt.

{¶10} Mr. Zeber claims that "there is a reasonable probability that had the truth of this evidence been known to the court, and had a number of witnesses been provided to testify as to the voice on the transcript belonging to [J.G.], that [Mr.] Zeber would not have been convicted of this charge." However, Mr. Zeber has not established "'with references to the record who these witnesses are and, more importantly, how their testimony would have exonerated him. Without that, this court can only speculate, and speculation does not establish prejudice.'" *State v. Myers*, 9th Dist. Summit No. 25737, 2012-Ohio-1820, ¶ 37, quoting *State v. Abdul*, 8th Dist. Cuyahoga No. 90789, 2009-Ohio-6300, ¶ 7. *See also In re G.E.S.*, 9th Dist. Summit No. 23963, 2008-Ohio-2671, ¶ 51 (stating this Court "will not engage in speculation in analyzing a claim of ineffective assistance of counsel * * *.")

{¶11} Furthermore, apart from briefly asserting his speculative claims, Mr. Zeber does not develop any meaningful argument to support these claims, nor does he direct us to any part of the record in support of such arguments. *See State v. Campbell*, 9th Dist. Summit No. 24668, 2010-Ohio-2573, ¶ 27. *See also* App.R.16(A)(7) (appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."); *Cardone v. Cardone*, 9th Dist. Summit Nos.

18349 and 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out").

{¶12} Mr. Zeber also claims that the written statement he provided to police on the night of the incident should have been excluded from evidence, as he "was not under suspicion at the time of his statement, and therefore was not advised of his right to an attorney and of his right to remain silent." In support of this claim, he simply states that it is "unclear" why on the night of the incident he was not arrested, placed under suspicion, or read his rights prior to being asked to provide a written statement. Once again, Mr. Zeber's general, conclusory statements are completely bereft of any meaningful argument for this Court to consider. *See* App.R.16(A)(7) (appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies * * *."). *See also Cardone* at *22 ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out"). Furthermore, it does not appear that Mr. Zeber's written statement to the police was ever entered into evidence at trial and the statement is not in the record before us. "'This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete.'" *State v. Daniels*, 9th Dist. Lorain No. 08CA009488, 2009-Ohio-1712, ¶ 22, quoting *Lunato v. Stevens Painton Corp.*, 9th Dist. Lorain No. 08CA009318, 2008-Ohio-3206, ¶ 11.

{¶13} Accordingly, Mr. Zeber's sole assignment of error is overruled.

III.

{¶14} Mr. Zeber's sole assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

NATHAN ZEBER, pro se, Appellant.

GREGORY MARC WARD, Prosecuting Attorney, for Appellee.