[Cite as *Easley v. Akron*, 2018-Ohio-2550.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| RON EASLEY | | C.A. No. 28809 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF AKRON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV 2017-06-2450 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2018

TEODOSIO, Judge.

{¶1} Ron Easley appeals the order of the Summit County Court of Common Pleas dismissing his administrative appeal. We affirm.

I.

{¶2} Mr. Easley filed a notice of administrative appeal with the Summit County Court of Common Pleas on June 14, 2017, with regard to the May 16, 2017, decision of the City of Akron Housing Appeals Board concerning property located at 1550 East Avenue, Akron, Ohio. The City of Akron and the City of Akron Housing Appeals Board filed a motion to dismiss on September 1, 2017. No opposition brief was filed. On September 15, 2017, the court granted the motion to dismiss, concluding it lacked jurisdiction to consider the administrative appeal because Mr. Easley did not file a notice of appeal with the Housing Appeals Board within thirty days, and thereby failed to perfect his appeal, as required by R.C. 2505.04 and R.C. 2505.07.

{¶3} Mr. Easley now appeals to this Court, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING THE CITY OF AKRON'S MOTION TO DISMISS. THE CITY OF AK[R]ON'S MOTION WAS NOT PROPERLY SERVED TO THE APPELLANT AND DID NOT ALLOW TIME TO RESPOND IN VIOLATION OF THE OHIO RULES OF CIVIL PROCEDURE RULE 6 (C), (D) AND RULE 5 (A), (B 2,4)[.]

{¶4}   In his assignment of error, Mr. Easley argues the trial court erred by granting the City of Akron's motion to dismiss. Mr. Easley contends he was not properly served with the motion and the trial court dismissed the case without allowing him time to respond.

{¶5}   When reviewing a trial court's decision in an administrative appeal, this Court must ordinarily determine whether, as a matter of law, the trial court's decision is unsupported by a preponderance of reliable, probative, and substantial evidence. *Independence v. Office of Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 14, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). "Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." *State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978). This Court's review is limited to the record before us. *See* App.R. 9; *see also* App.R. 12(A)(1)(b). "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5, citing App.R. 16(A)(7).

{¶6}   There is no evidence in the record before this court that Mr. Easley was not served with the City of Akron's motion to dismiss, and correspondingly, Mr. Easley has failed to support his argument with citations to the record. Because our review is limited to the record,

we cannot say the trial court erred in dismissing Mr. Easley's administrative appeal or that the decision was unsupported by a preponderance of reliable, probative, and substantial evidence

{¶7}    Mr. Easley's assignment of error is overruled.

III.

{¶8}    Mr. Easley's assignment of error is overruled.  The order of the Summit County Court of Common Pleas dismissing his administrative appeal is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

RON EASLEY, pro se, Appellant.

EVE V. BELFANCE, Director of Law, and JOHN R. YORK and BRIAN D. BREMER, Assistant Directors of Law, for Appellee.