[Cite as *State v. Polke*, 2019-Ohio-904.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    18CA0061-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENNIS J. POLKE | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.    17CRB01395 |

## DECISION AND JOURNAL ENTRY

Dated: March 18, 2019

---

HENSAL, Judge.

**{¶1}** Dennis Polke appeals a judgment of the Medina Municipal Court that sentenced him to 180 days in jail for assault. For the following reasons, this Court affirms.

### I.

**{¶2}** A police officer charged Mr. Polke with one count of assault, two counts of menacing, and one count of having an open container. Before trial, Mr. Polke agreed to plead guilty or no contest to the assault charge, one of the menacing charges, and an amended charge of trespass. The municipal court found him guilty of assault and dismissed the other charges. It sentenced him to 180 days in jail and fined him $800. Mr. Polke has appealed, assigning five errors, which we will address together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO FIND OR STATE CIRCUMSTANCES THAT MIGHT BE CONSIDERED THE WORST FORM OF THE OFFENSE IN WHICH A MAXIMUM PENALTY COULD BE IMPOSED.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE SENTENCING FACTORS AS ENUMERATED IN R.C. 2929.22 IN HIS MISDEMEANOR SENTENCING OF APPELLANT.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER APPELLANT'S INDIGENT STATUS WHEN IT IMPOSED LARGE FINES AND COSTS IN THIS MATTER.

ASSIGNMENT OF ERROR IV

THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S CIVIL RIGHTS WHEN IT SHOWED ACTUAL MALICE, RECKLESS INDIFFERENCE TO THE FACTS AND INTENSE PERSONAL BIAS.

{¶3} Mr. Polke argues that the municipal court incorrectly sentenced him to the maximum jail term for assault because it did not find any facts that established that his conduct was the worst form of the offense. He also argues that the court failed to consider the necessary statutory factors before imposing his sentence. He argues that the court failed to consider the fact that he is indigent when it imposed a $800 fine on him. Mr. Polke also argues that his trial counsel was ineffective because he lied to him about the parameters of the plea agreement. He further argues that the fact that his sentence does not fit with the character of the offense he

committed demonstrates that the municipal court judge was biased and had a personal agenda to punish him as severely as possible.

{¶4} Upon review of the record, we conclude that we are unable to review the merits of Mr. Polke's arguments because the record does not contain a transcript of his sentencing hearing. Under Local Rule 5(A)(1)(a)(i), "[i]f the appellant desires a transcript of proceedings to be prepared for inclusion in the record, the appellant must serve the court reporter with a praecipe * * *." We note that Mr. Polke filed a praecipe to the court reporter in his municipal court case. According to the proof of service, Mr. Polke served the document on the clerk of courts, but not on the court reporter. We also note that, although the document contains a place for the court reporter to acknowledge receipt of the praecipe, it is not signed. We, therefore, conclude that Mr. Polke did not comply with this Court's local rule. We also note that Mr. Polke indicated on his appellate docketing statement that the record would only consist of "the original papers, exhibits, a certified copy of the docket and journal entries, and any transcripts of proceedings that were filed in the trial court prior to final judgment." The municipal court record does not contain any transcript of proceedings.

{¶5} "It is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court." *Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 14, quoting *Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6; App.R. 9(B). "[If] the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court has 'no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Shumate* at ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

**{¶6}** Because the record does not contain a transcript of the sentencing hearing, we are unable to review the facts that the municipal court found before it sentenced Mr. Polke. We are also unable to review whether the court considered the appropriate sentencing factors or the fact that he was indigent. We are also unable to review the performance of Mr. Polke's trial counsel. Mr. Polke's first, second, third, and fourth assignments of error are overruled.

**{¶7}** Regarding the municipal court's alleged bias, Revised Code Section 2701.031 provides that, "[i]f a judge of a municipal * * * court allegedly * * * has a bias or prejudice for or against a party * * * any party to the proceeding * * * may file an affidavit of disqualification with the clerk of the supreme court." The affidavit of disqualification is then decided by the chief justice of the Ohio Supreme Court in accordance with Section 2701.03. R.C. 2701.031; R.C. 2701.03(E). We, therefore, conclude that we do not have authority to review Mr. Polke's allegations of judicial bias. *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 21 (9th Dist.). Mr. Polke's fifth assignment of error is overruled.

III.

**{¶8}** Mr. Polke's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P.J.
CONCURS.

CARR, J.
CONCURRING.

{¶9} I concur in the majority opinion but write separately with respect to the fifth assignment of error. To the extent that Polke attempts to raise a due process argument, as opposed to a judicial bias argument, this Court cannot reach the merits of his argument given the lack of a sentencing transcript.

APPEARANCES:

DENNIS J. POLKE, pro se, Appellant.

GREGORY HUBER and ROBERT B. CAMPBELL, Prosecuting Attorneys, for Appellee.