[Cite as *State v. Papotto*, 2019-Ohio-5405.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

     Appellee

v.

ROBERT M. PAPOTTO

     Appellant

C.A. No.     29188

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     18 CRB 0426

DECISION AND JOURNAL ENTRY

Dated: December 31, 2019

SCHAFER, Judge.

{¶1} Defendant-Appellant, Robert Papotto, appeals from his conviction in the Stow Municipal Court. This Court affirms.

I.

{¶2} One afternoon, the police responded to a report of a fistfight between two men at a casino in Northfield. Papotto was one of the men involved in the fight and the other was W.K. When officers spoke with the men, they each identified the other as the initial aggressor. The officers, therefore, reviewed the casino's security footage at the scene. Based on their review of the footage, the officers determined that Papotto was the aggressor.

{¶3} Papotto was charged with one count of assault in violation of Northfield Village Codified Ordinance 636.02. He was appointed counsel and demanded a jury trial. On the day of trial, however, the State amended his charge to disorderly conduct in violation of R.C. 2917.11(A)(1). Because the amended charge was a minor misdemeanor, the trial court dismissed

the jury and held a bench trial. At the conclusion of trial, the court found Papotto guilty and sentenced him to a fine. The court later granted his motion to stay the execution of his sentence for purposes of his appeal.

{¶4} Papotto now appeals from his conviction and raises two assignments of error for our review.

II.

### Assignment of Error I

**The trial court erred by being extremely prejudicial when she convicted Appellant of disorderly conduct. This conviction was unjust and decided by a judge who was hostile, aggressive and "in a hurry" in direct violation of his constitutional rights and the Ohio Codes of Judicial Conduct.**

{¶5} In his first assignment of error, Papotto argues that he was prejudiced as a result of "unwarranted and egregious conduct" on the part of the trial judge. He asserts that he was denied a fair trial because the trial judge acted in a hostile and biased manner. For the following reasons, we reject his argument.

{¶6} The issue of whether a conviction must be vacated due to bias or prejudice on the part of a trial judge is one that lies exclusively within the jurisdiction of the Chief Justice of the Ohio Supreme Court. *See State v. Polke*, 9th Dist. Medina No. 18CA0061-M, 2019-Ohio-904, ¶ 7; R.C. 2701.031. This Court lacks authority "to void a trial court's judgment on the basis of personal bias or prejudice on the part of the trial judge * * *." *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 18 (9th Dist.), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). Nevertheless, we may determine whether conduct on the part of a trial judge denied a criminal defendant due process of law. *See, e.g., State v. Powell*, 9th Dist. Lorain No. 12CA010284, 2017-Ohio-4030, ¶ 8-13. "A judge is presumed to follow the law and not to be biased, and the

appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5.

{¶7}   Papotto argues that he was "severely prejudiced" at trial because the trial judge violated several canons of the Ohio Code of Judicial Conduct.  According to Papotto, the judge acted in a hostile manner, chided him for wasting time, and rushed the proceedings to attend to a personal commitment.  In support of his claim, he points to two affidavits that claim to recount statements made or exchanges had off the record.

{¶8}   Upon review, Papotto's arguments must fail for three reasons.  First, the statements and exchanges he cites that do not appear in the trial court record "are inappropriate for consideration on direct appeal." *State v. Zeber*, 9th Dist. Summit No. 28481, 2017-Ohio-8987, ¶ 8.  That is because "[t]his Court's review is limited to the record before us." *Easley v. Akron*, 9th Dist. Summit No. 28809, 2018-Ohio-2550, ¶ 5.  Second, Papotto failed to object to any alleged misconduct on the part of the trial court judge and has not argued plain error on appeal.  *See Powell* at ¶ 12.  He, therefore, forfeited those arguments, and this Court will not construct a claim of plain error on his behalf.  *See id,*; *State v. Butler*, 9th Dist. Summit No. 23786, 2008-Ohio-781, ¶ 31.  Finally, to the extent Papotto asks us to void his conviction because the trial judge violated certain ethical canons or was biased or prejudiced against him, we lack the authority to do so.  *See Hunter* at ¶ 18, citing *Beer* at 441-442.  Relief was available to him, if at all, through a properly filed affidavit of disqualification.  *See* R.C. 2701.031.  Accordingly, his first assignment of error is overruled.

Assignment of Error II

**The trial court erred by not granting the motion to withdraw filed by the Public Defender's Office and appointing new counsel on the charge of [a]ssault and not continuing the proceedings to another day rendering Appellant left with ineffective assistance of counsel.**

{¶9} In his second assignment of error, Papotto argues that the trial court erred when it failed to grant the motion to withdraw that defense counsel filed two days before trial. He argues that the court's error caused him to receive ineffective assistance of counsel because his attorney was unprepared, did not represent him to the best of his abilities, and failed to object when the court denied his request for a recess. According to Papotto, the trial court should have granted the motion to withdraw, continued the proceedings, and appointed him new counsel. Upon review, this Court rejects his argument.

{¶10} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel for his defense. *Accord* Ohio Constitution, Article I, Section 10. Yet, a defendant has no constitutional right to counsel if his sole charge is a minor misdemeanor for which no sentence of confinement is available. *See State v. Roth*, 9th Dist. Lorain No. 17CA011083, 2018-Ohio-2564, ¶ 39. Because the State reduced Papotto's original charge to a minor misdemeanor at the start of trial, he had no constitutional right to counsel. *See id.* Defense counsel continued to represent Papotto, but had no obligation to do so. Further, we would note that Papotto never objected to defense counsel's continued representation or sought to represent himself. Because Papotto had no constitutional right to counsel and, in any event, failed to raise this issue with the trial court, we conclude that his argument lacks merit. As such, his second assignment of error is overruled.

III.

{¶11} Papotto's assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROBERT M. PAPOTTO, pro se, Appellant.

BRADRIC T. BRYAN, Prosecuting Attorney, for Appellee.